PERRY, APPELLANT, *v.* ARSHAM ET AL., APPELLEES.

(No. 23777—Decided July 30, 1956.)

Mr. *Louis A. Perry,* in propria persona.
Messrs. *Roth & Pollack,* for appellees.

DOYLE, J. The sole question before this court in this appeal on questions of law from a judgment of the Municipal Court of the city of Cleveland, is the propriety of the court's ruling in the sustaining of a demurrer to the second of two pleadings denominated "second amended petition" filed therein, and, upon the refusal of the plaintiff to further amend the pleading, the dismissal thereof.

The demurrer alleged that the pleading did not "state facts constituting a cause of action."

The second amended petition there under attack sounded in tort, and, for the lack of a better expression, was for damages for the claimed malicious prosecution of a civil suit—*i. e.,* an action in forcible entry and detainer—in which the defendant in that action (plaintiff below in the instant action) secured a judgment in his favor.

In short, the second "second amended petition" stated that the plaintiff, Louis A. Perry, lived for many years as a tenant in the apartment building owned by the defendant, Ben Arsham; that "on or about the 2nd day of September, 1953, Ben Arsham, * * * after being aided and abetted by defendants Sara Sawyer Leighton * * * and her husband, Ellis F. Leighton, who are the janitor and janitress of the aforesaid * * * building * * *, wrongfully, maliciously and without probable cause filed a petition for forcible entry and detainer in this court," against the plaintiff herein and his wife; that subsequently the case was tried to a jury, and the jury returned its verdict in favor of this plaintiff; and that the action against his wife was dismissed at the costs of the defendant herein, Arsham.

The plaintiff further pleaded that he was given a lease for the premises for a period of one year, and that, in violation of the terms of the lease, "the said Ben Arsham served a notice to leave the premises, and in due course filed a petition in forcible entry and detainer" against him and his wife.

In conclusion, the petition charged that "by reason of the

wrongfully, maliciously and without probable cause filing of the petition in this court as aforesaid, it became annoying and harassing to the plaintiff, that he lost a great deal of time for the preparation and trial of the case, and (for a) further reason thereof plaintiff's reputation has been impaired, all to his damages in the sum of five thousand dollars.''

It is not the purpose of this writer to review the various pronouncements on this question of courts in states other than Ohio. Some Ohio cases will be cited. They must be the guide for our conclusion. Cases outside Ohio are in sharp conflict. See: 34 American Jurisprudence, Malicious Prosecution, Section 10; 54 Corpus Juris Secundum, Malicious Prosecution, Section 11 *et seq.*

''1. As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property.'' *Cincinnati Daily Tribune Co.* v. *Bruck*, 61 Ohio St., 489, 56 N. E., 198, 76 Am. St. Rep., 433.

This Ohio rule is spoken of as the ''strict view,'' and the arguments in its favor are generally stated as follows:

(1) ''Costs'' are given as adequate redress; (2) courts should be free and open to all without fear of being sued in return; (3) freely permitting malicious prosecution actions would make litigation interminable; (4) defendant should have no right to a malicious prosecution action, since plaintiff has no action if a defense is malicious and groundless.

The contrary liberal view demands, generally, only that, in addition to provable injury and a favorable termination of the prior suit, the said prior suit be unfounded and maliciously brought.

Ohio, as well as other states which follow the strict rule, has given way to a number of exceptions. For instance, it has been held in Ohio that a suit will lie for malicious prosecution even though in the first suit there may have been a valid cause of action, but in fact no probable cause for an attachment taken out maliciously; and that it is not essential that the suit in attachment should be first terminated. *Tomlinson and Sperry* v. *Warner*, 9 Ohio, 104; *Fortman* v. *Rottier and Hoenig*, 8 Ohio St., 548, 72 Am. Dec., 606.

In the case of *Newark Coal Co.* v. *Upson*, 40 Ohio St., 17,

appears another exception to the general rule, wherein it is stated:

"The N. C. Co., a corporation, with malice and without probable cause, sued U. and others, in a civil action, and by an order of injunction made on its *ex parte* application, prevented U. *et al.* from entering upon and enjoying their property, and also from prosecuting a profitable business. After a year had passed the N. C. Co. dismissed its action. U. *et al.* thereupon sued the company, claiming damages for said malicious prosecution. *Held,*

"1. They can maintain the action."

The opinion states (at p. 25):

"It may now be considered the approved doctrine, that, an action for the malicious prosecution of a civil suit may be maintained, whenever, by virtue of an order, or writ, issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use, or enjoyment, of property of value. The name, or form, of the writ, or process, is immaterial. It may be an order of arrest, or of attachment, or of injunction.

"The malicious prosecutor cannot shield himself behind the interlocutory order of the judge, based upon his own malicious, *ex parte* application and affidavit."

We now proceed to the case of *Pope* v. *Pollock*, 46 Ohio St., 367, 21 N. E., 356, 4 L. R. A., 255, which case is asserted by the appellant as dispositive of this appeal. The syllabus is:

"An action may be maintained for maliciously, and without probable cause instituting and prosecuting an action in forcible entry and detainer."

This language standing alone would seem to rule the case now before us; but it has long been the law in this state that the syllabus of a decision of the Supreme Court must be read in view of the facts existing. It is stated in *McGilvery* v. *Shadel*, 87 Ohio App., 345, 95 N. E. (2d), 1, that:

"2. In 1858 the rule was established that the syllabus of a case decided by the Supreme Court of Ohio states the law of that particular case, but the law thus announced may not be subsequently construed and applied beyond the area limited by the facts in the case then being considered."

The facts in *Pope* v. *Pollock, supra,* indicate the prosecution of two successive actions of forcible entry and detainer by the same plaintiff against the same defendant and involving the same property, and not the prosecution of a single action, as are the facts in the case now before us. The Supreme Court, in commenting on this case in its subsequently decided case of *Cincinnati Daily Tribune Co.* v. *Bruck, supra,* and, distinguishing it in principle, observed (at p. 491):

"The case of *Pope* v. *Pollock,* 46 Ohio St., 367, arose from the malicious prosecution of *suits* in forcible entry and detainer. *Judgments* in such suits are not conclusive. The proceeding may be commenced and recommenced without limit, unless enjoined; and hence affords an opportunity for the gratification of malice and oppression; and when this is the case an action may be maintained by the injured party for the recovery of damages. In the above case a suit had been brought and a verdict of not guilty rendered. Another was brought with the same result. A suit for malicious prosecution was then brought and sustained. *The case stands upon a clear exception to the general rule.*" (Emphasis ours.)

It thus appears that in this state there has been adopted the so-called "strict view" in actions of malicious prosecution based upon civil litigation; that certain exceptions have been made to the general rule; that no exception, however, has ever been made in the case of a single prosecution of a case in forcible entry and detainer "where there has been no arrest of the person or seizure of property."

It is the conclusion of this court that the judgment must be affirmed.

*Judgment affirmed.*

Stevens, P. J., and Hunsicker, J., concur.

Stevens, P. J., Hunsicker and Doyle, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.