BOARD OF EDUCATION OF THE MIAMI TRACE LOCAL SCHOOL DISTRICT ET, PLAINTIFFS, *v.* MARTING ET, DEFENDANTS.

Common Pleas Court, Fayette County.

No. 22771.   Decided February 15, 1961.

*Miss Grace Fern Heck, Mr. Joe F. Asher* and *Mr. Richard C. Addison,* for the plaintiffs.

*Mr. Paul A. Griffith, Mr. C. William Malone* and *Mr. Charles E. Shanklin,* for the defendants.

LEIS, J. Taylor Groff, J. Herbert Perrill, Gordon Cowdery,

Robert T. Owens, Richard S. Snyder and Senath Thompson are members of the Board of Education of the Miami Trace Local School District, Fayette County, Ohio (Washington Court House) which Board is a body corporate and politic. Senath Thompson is clerk of the Board.

In this Opinion the individual members of the Board will be referred to by name, and the Miami Trace Local School District Board will be referred to as the "Board."

The Board submitted to the electorate in its district at the regular election on November 6, 1956, the question of a bond issue and a levy of a tax to pay it. The issue and levy were approved by the voters. In the first half of the year 1958 the Board advertised the bonds for sale to underwriters. The ad stated that an approving legal opinion will be furnished to the successful bidder. The advertisement set July 10, 1958, as the time for opening the bids, at twelve o'clock noon. The successful bidder for the bond issue was the J. A. White & Company and others.

On the same date as the bids were opened, namely, July 10, 1958, the defendant herein, Sam B. Marting, through his attorneys, Paul A. Griffith and C. William Malone, also defendants herein, instituted an action in the Court of Common Pleas, Fayette County, Ohio (Case No. 22505), against individuals, namely, Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens, Richard S. Snyder and Senath Thompson, all of whom are members of the Board, and service of process was accomplished on the named parties-defendant.

The Board joined in a motion filed in the Court of Common Pleas, Fayette County, Ohio, in respect to the above case as follows:

1. That the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, be made a party defendant in this action on the ground that it is the real party in interest and a necessary party to the determination of the action.

2. That defendant, Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens and Richard S. Snyder, be dismissed as parties defendant on the ground that they are not proper parties to this action.

3. To strike the petition from the files as a sham and frivo-

lous pleading, raising no material questions and no real issue for the Court to decide, and not filed in good faith but solely for the purpose of delay; and in the alternative to strike each separate cause of action on the same ground.

The trial court sustained each branch of the motion: first, the Court ordered the Board to be made a party defendant; secondly, the Court dismissed the individual members of the Board as parties defendant and, in addition, on its own motion the Court found that Senath Thompson is not a proper party defendant to the cause and dismissed him and, thirdly, ordered the "Plaintiff's petition stricken as a frivolous, vexatious and sham pleading, and that plaintiff's action be, and hereby plaintiff's action is dismissed with prejudice to any further action * * *." *Marting* v. *Groff et al.*, 82 Ohio Law Abs., 202 at p. 212.

The plaintiff Marting appealed to the Ohio Court of Appeals, Second District, Fayette County, Ohio. The appeal was based on questions of law from the order and judgment of the Court of Common Pleas, Fayette County, Ohio, sustaining a motion of the Miami Trace Local School District, and dismissing plaintiff's petition. The Court of Appeals unanimously affirmed the decision of the trial court, stating:

"we do not find that the Court has abused its inherent power in the case before us and its judgment will therefore be affirmed." *Marting* v. *Groff et al.*, 82 Ohio Law Abs., 212.

The affirmation of the trial court's decision by the Court of Appeals was further appealed to the Ohio Supreme Court under the caption "*Marting* v. *Groff et al,*" as "Case No. 36130" on a motion to certify the record, filed July 27, 1959. On October 7, 1959, the motion to certify the record was overruled by the Supreme Court.

On November 19, 1959, the Board and Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens and Richard A. Snyder, members of the Board, as plaintiffs, jointly filed a petition in the Court of Common Pleas, Fayette County, Ohio, against Sam B. Marting, Paul A. Griffith and C. William Malone, as co-defendants, in an action sounding in malicious prosecution. The plaintiffs pray for "compensatory and exemplary damages, plus reasonable attorney fees in the sum of $494,581.99, and such other and further relief as may be proper in law or in equity."

This cause is presently before the Court on motions, one filed by defendant Sam B. Marting and including therein twenty-four branches, and the other motion filed jointly by defendants Paul A. Griffith and C. William Malone, and including therein twenty-five branches.

The Court will consider these motions together, as generally they attack the plaintiff's petition on the same subject matters.

The plaintiffs in their petition allege the facts as stated in the first three paragraphs of this Opinion, and then allege:

"* * * said action * * * (namely the action by Sam Marting to enjoin the sale and delivery of the bonds) * * * was commenced by the defendants and prosecuted by said defendants against the plaintiffs, wrongfully and maliciously and without probable cause, with a malicious intent, unjustly to vex, trouble, harass these plaintiffs, and in particular to wrongfully prevent the plaintiff Board from issuing said bonds."

"The defendants maliciously, wrongfully and without probable cause, by so filing such action and issuing process thereon, did prevent the consummation of the sale of the bonds."

The petition then alleges a custom of the trade of municipal bond buyers wherein a Non-Litigation Certificate is demanded by the buyer from the seller of the bonds to the effect that no litigation is pending questioning the validity of the bond issue. The litigation which the defendants commenced was stricken from the file as a sham and frivolous pleading, and the issue never came to a trial.

The balance of the allegations in the petition cover the subjects of use of the bond issue, and damages sustained as a result of the alleged malicious prosecution.

Defendant Marting, in the first branch of his motion, moves the Court to dismiss plaintiffs Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens and Richard S. Snyder as parties plaintiff contending that these individuals, who are members of the Board, are not proper parties plaintiff. Defendants Paul A. Griffith and C. William Malone raise this question on the second branch of their motion.

If the Court finds these individuals are proper parties plaintiff, then the defendants join in requesting the Court to order the individual plaintiffs "to make the petition definite and certain by stating what interests they have as members of

said Board which has been impaired or damaged by the defendant, and which is different than that of the plaintiff Board."

The defendants Griffith and Malone, in the first branch of their motion, ask the Court "to strike the petition from the files as a sham and frivolous pleading, not filed in good faith, but for the purpose of harassing and intimidating the defendants and damaging their reputation." When oral argument was heard by the Court, defendant Marting joined his codefendants in this branch of their motion.

Various issues are presented to the Court by the many branches of the motions, and many are related to each other. In order to place these issues in their proper perspective to the pleadings, the Court will first briefly review the tort action referred to as "malicious prosecution."

"A malicious prosecution may be defined as one that is begun in malice, without probable cause to believe it can succeed, and finally ends in failure."

34 American Jurisprudence, 703, Malicious Prosecution, Section 2; 35 Ohio Jurisprudence (2d), Malicious Prosecution, Section 2.

The elements essential to maintain an action for malicious prosecution are as follows:

(1) The institution or continuation of the original judicial proceedings, either criminal or civil.

(2) By, or at the instance of the defendant (that is, the defendant in the action for malicious prosecution).

(3) The legal termination of such proceedings, and, as a rule their termination in favor of the plaintiff (that is, the plaintiff in the action for malicious prosecution).

(4) Malice, in instituting or continuing the proceedings.

(5) Want of probable cause for the proceedings; and

(6) The suffering of the injury or damage as a result of the action or prosecution complained of.

35 Ohio Jurisprudence (2d), Malicious Prosecution, Section 5.

The first three elements necessary to an action in malicious prosecution relate to the parties to the cause.

The Court is confronted with a strange set of circumstances brought about by an *ingenuous* technique of pleading by the defendants when they filed their petition in the initial

action (Case No. 22205, *Marting* v. *Groff et al.*), which action now serves as a basis for the current suit.

The defendant herein, Sam Marting, through his attorneys, who are also joined as defendants herein, filed an action in equity against the individuals of the Board asking the Court in the prayer of their petition "that the defendants, *and each of them*, be enjoined from selling, issuing and delivering any bonds pursuant to the said resolutions of February 25, 1958 * * *."

The defendants alluded to in the prayer in the original action were Taylor Groff, etc. These individuals were members of the Board. Marting was asking the Court to prevent the *individuals from doing an act which they could not do as individuals in any event, but could only do acting in concert with each other as the Board*. Let me quote from the Court of Appeals' opinion in this regard: (*Marting* v. *Groff et al.*, 82 Ohio Law Abs., 212, at page 214.)

"As individuals, they stand in no different position than any other taxpayer in the school district. Acting independently of the Board of Education, they have no authority to perform acts which could adversely affect the rights of the plaintiff (Marting). It is *common* knowledge that school bonds are not issued by individuals; by *statute* the Board of Education is the 'bond-issuing authority.'" (Section 133.01, Revised Code.)

Marting instituted the original judicial proceedings against the individuals and not the Board. The Board was made a party by order of the Court when the Court sustained the Board's motion to be substituted as party defendant on the ground that it was the real and necessary party in interest to Marting's petition. (*Marting* v. *Groff et al., supra.*)

The issue before this Court, in respect to parties, may be stated as follows: Is the Board a proper party plaintiff in an action in malicious prosecution when the Board, by its own motion, sustained by the Court, was substituted as a defendant and the necessary party in the original judicial proceeding in the place of the individual members of the Board who were dismissed by the Court on their motion of dismissal?

It is incumbent upon a plaintiff when he institutes a judicial proceeding to name the proper party defendant to his cause of action, whether in law or in equity. Under the title "*Par-*

*ties*" in 67 Corpus Juris Secundum, the following appears in Section 1, page 887:

"In a larger legal sense, the term 'party' or 'parties' has been defined as any or all persons who have a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies * * *.

"A 'party' has also been defined as 'ordinarily one who claims an interest in the subject of an action or proceeding instituted to afford some relief to the one who sets the law in motion against another person or persons' * * *."

In Ohio, civil actions are controlled by statute. The plaintiff in instituting a judicial proceeding is bound by the statutes relating to the bringing of an action, and the construction which the courts have placed upon the statutes. Certain statutes define an action and its commencement as follows:

"*Section 2307.01, Revised Code. Action defined.*

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

"*Section 2303.01, Revised Code. Summons to be issued on Petition.*

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

The pertinent statute relating to a party or parties defendant is as follows:

"*Section 2307.19, Revised Code. Joinder of Defendants.*

"Any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

"*Section 3313.17, Revised Code. Corporate Powers of the Board.*

"The Board of Education of each school district shall be a body politic and corporate, and as such capable of suing and being sued * * *."

Marting filed his petition in the original judicial proceed-

ing and caused summons to be issued upon the individuals he named as defendants. In law his action was commenced. Marting was in court, and all the parties he named in the petition were before the court.

The basic issue concerns the parties defendant named by Marting. The Court in its determination found that Marting had named the wrong party as defendant and the Court substituted the Board in the place of the individuals named by Marting.

"*Section 2307.26, Revised Code. Determination of cause as to parties before the Court.*

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination cannot be had without the presence of other parties, the court may order them to be brought in or dismiss the action without prejudice.

"The allowance of an amendment (motion) substituting a party is ordinarily discretionary with the court with respect to the substitution of either plaintiffs or defendants. Amendments substituting parties should, where permitted, always be in the furtherance of a determination of the *true merits of the controversy*. (Emphasis added.) (67 C. J. S. Substitution of Parties; Section 85 [d] Discretion of Court.)

A reading of Section 2307.26, Revised Code, shows that the matter of determination of proper parties before the court is *within the sound discretion of the court.* When Marting brought his action, he asked the Court to "enjoin the defendants he named from selling, issuing, and delivering any bonds pursuant to resolutions made by the Board." By sustaining the motion of the Board that it was "the real party in interest and the necessary party to the determination of the action" the Court exercised its *inherent power of discretion.* In substance, the Court determined that *the party to be enjoined,* if Marting was to prevail in his case, *was the Board* not the individuals named by Marting.

The defendants herein argue that the Board, by its motion to be made a party, *voluntarily* became a party to the action commenced by Marting, and that this voluntary act by the Board preempts its right to sue the defendants herein in a

malicious prosecution action, because these defendants did not name the Board in their original action.

The following statements are pertinent at this point:

"The petition, and not the caption thereto, determines the parties necessary to the prosecution of an action; the caption of a pleading is no part thereof, and but for the requisites of the statute a petition would not bear any heading." 43 Ohio Jurisprudence (2d) Pleading, Section 61.)

"All courts recognize that there may properly be a substitution of parties where the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action. *This is considered not strictly the making of a* new party." (37 American Jurisprudence, Section 99, Parties; Substitution, pp. 967 and 968; The Beaconsfield, 158 U. S., 303, 37 L. E., 993; 15 S. Ct., 860, syl. 2.)

When a plaintiff files an action in a court, whether in law or in equity, *he is obliged and duty bound to follow the rules of correct pleading* and proper procedure as set forth by the statutes of Ohio, and the rules of the court wherein the action is filed. *He likewise assumes the risk of his action.* If, by chance or *by design*, the petitioner names an incorrect party defendant, or if he asks the court to enjoin the activity of the wrong party, the case will not be "thrown out of court." The court in the exercise of its discretion will correct the mistake in order that the true merits of the controversy can be determined between the proper parties. *There is nothing "voluntary" in this matter.* It is not material how the necessary party comes into a controversy, whether by its motion (following Section 2307.19, Revised Code), or upon order of the Court (following Section 2307.26, Revised Code). The important fact remains that the Court was *adjudicating the issue raised by Marting* with all the necessary and proper parties to the controversy before it. The *presumption exists that Marting filed his petition in good faith and that he wanted the case determined on its merit.*

In an equitable action it is important that the proper and necessary parties are before the court so that the order of the Court can be carried out if any order is forthcoming.

*Marting and his co-defendants cannot now say that their*

*original action was against the individuals and not against the Board.* The individuals were the Board, and the cause pleaded and the relief demanded concerned matters relative to the Board's activity, as determined by Judge Case initially and affirmed through appeals to the Supreme Court.

Let me digress for a moment—"Courts are created by virtue of the Constitution, and inhere in our body politic as a necessary part of our system of government. They are public and not private tribunals. They are established and administered partly for the protection of private rights, but they are established also for the public welfare." (14 Ohio Jurisprudence [2d], Section 4, Courts; Generally, page 431.)

The major purpose of a court is to adjudicate controversies between parties in civil and equitable actions and to mete out justice and penalty in criminal matters. This purpose cannot be altered, abused, misused, or tampered with in any respect.

Another matter at issue concerns the service of process. The Board, as a Board, was not served with a process or summons in the original judicial proceeding. However, the individual members of the Board, at the commencement of the action by Marting were served with process. The issue arises as follows: Can a party defendant in the original judicial proceeding who was made a party by order of the Court, and who was not served with process by the plaintiff in such action, prevail as a party plaintiff in an action in malicious prosecution against the plaintiff in the original judicial proceeding?

The chief purpose of service of process is to inform the adverse party of the suit filed against him, the purpose of the suit, and the amount of damages, if any, that are claimed. Service of process can be waived.

"*Section 2703.09, Revised Code. Acknowledgment or Appearance Equivalent to Service.*

"An acknowledgment on the back of the summons or petition by the party sued *or the voluntary appearance of a defendant is equivalent to service.*"

Since the *Board was before the Court no further service of process was necessary and is deemed waived.* (*Limbaugh* v. *Railroad Co.* (1916), 94 Ohio St., 12.) It, therefore follows,

and this Court concludes, *that the Board is a proper party plaintiff in this action in malicious prosecution.*

The individual members of the Board who were initially named and sued by Marting as defendants in the original judicial proceeding have joined with the Board in bringing the subject action in malicious prosecution. The issue arises whether or not these individuals are properly joined with the Board as parties plaintiff.

The plaintiffs argue "that the individual Board members remained parties in the injunction suit through three courts because the sustaining of the motion to dismiss them was appealed by the defendants and urged as the first assignment of error in both the Court of Appeals and Supreme Court." Plaintiffs also contend that they, as individual members of the Board, and each of them, were required to take an oath "that he will faithfully perform the duties of his office." They state that "as individual members their legal rights have been infringed upon by their being prevented from doing their statutory duties to the best of their ability and from exercising their judgment and discretion in providing physical facilities for their schools." They rely on Section 2307.18, Revised Code, which permits all persons *having an interest* in the subject of the action and obtaining the relief demanded to join as plaintiffs.

"* * * an action for the malicious prosecution of a civil suit may be maintained whenever, by virtue of any order or writ, issued in the malicious suit, the defendant in that suit has been deprived of his personal liberty, or of the possession, use, or enjoyment of property of value. The name or form of writ or process is immaterial; it may be an order of arrest, of attachment, or injunction.

"On the other hand, the rule is that there is no right of action in Ohio for the prosecution of a civil suit, maliciously and without probable cause, unless there is an arrest of the person or seizure of the property of the defendant therein." 35 Ohio Jurisprudence (2d), Malicious Prosecution, Section 9; Prosecution of Civil Actions or Proceedings, Generally, pp. 124 and 125.

See also: *Newark Coal Co.* v. *Upson* (1883), 46 Ohio St., 17, at p. 25; *Perry* v. *Arsham* (1956), 101 Ohio App., 285; *Cin-*

*cinnati Daily Tribune* v. *Burch* (1900), 61 Ohio St., 489; *Mac-Fadden Health Service* v. *Siegel* (1938), 11 Ohio Opinions, 374; 150 A. L. R., 901.

There is no doubt in this Court's mind that the individuals had an interest in the subject of the action, but the interest which the individuals had was merged into the Board's interest because they composed the membership of the Board.

The individual plaintiffs, as individuals, owned no right in the subject of this action, namely, the selling of the bond issue. This right, and duty, existed only in the Board, composed of the individuals. As stated before (39 American Jurisprudence, Section 99) the substitution of the Board for the individuals was accomplished because of the relationship of the individuals to the Board, and the fact that no change in the alleged cause of action resulted from the substitution. The Board was not strictly a new party, but a party by merger. The individuals therefore are not parties plaintiff herein.

"In this country, while the institution of a civil suit, maliciously and without probable cause is generally considered to constitute a sufficient basis for an action for malicious prosecution at the instance of one who has suffered special damage, the authorities are in conflict as to whether the law will afford redress without reference to any inquiry touching the seizure of property, the arrest of the person, or other special circumstances." (34 American Jurisprudence, Malicious Prosecution, Section 10.)

The Court refers you to the annotation on Malicious Prosecution of a Civil Suit—Without Arrest of Person or Seizure of Property as Ground for Malicious Prosecution, as found in 150 A. L. R., 897. In this annotation the cause of action is broken down into these categories:

"Existence of a Cause of Action in Malicious Prosecution:

"1. Where there is Special Injury.

"2. Where there is no No Special Injury;

"(a) View that action will lie;

"(b) View that action will not lie.

"3. Injunction.

"Where the civil action in which there has been no arrest of person or seizure of property, has caused '*special injury*' a

cause of action for malicious prosecution may be predicated thereon.''

It is not clear as to what constitutes such ''special injury'' as will authorize a suit for malicious prosecution and, therefore, each case has to be determined on its own facts. Where there is no ''special injury'' authorities are split as to whether a cause of action can be stated. The ''liberal'' policy prescribes that an action of malicious prosecution will lie for the institution of a civil action, maliciously and without probable cause, even though there has been no interference with the property of the defendant in the original suit and no special injury shown. In the ''strict'' view, which is the view recognized as the Ohio view, an action for the malicious prosecution of a civil suit will not lie unless there has been an interference with the property of the defendant, or other special damage. Also, an action for malicious prosecution may be predicated upon the wrongful obtaining of an injunction. (See *Newark Coal Co.,* v. *Upson, supra.*)

Where does the present action fit into this framework? Again, without reference to the merits of the case, but limited to the pleadings, the Court notes one allegation in the *petition that sets this matter aside as a special case with special injury, namely, the allegation of the ''custom of the trade of bond-buyers or underwriters.''* The allegation that the Board was prevented from furnishing the underwriters with a Non-Litigation Certificate relative to the bond issue because of the filing of the original judicial proceeding by the defendants. *If such allegation is proven by evidence to be true, and if there is such a custom in the trade, it is sufficient to place this case in the ''special injury'' category in an action in malicious prosecution.*

The general rule that ''where application for an injunction which was not granted, does not give rise to a cause of action for malicious prosecution'' is not applicable here, for, as stated above, the *special conditions surrounding this action divorces this case from the general rule.*

In discussing actions for the malicious prosecution of civil actions, the Court in *Perry* v. *Arsham, supra,* at page 287 stated:

''Ohio as well as other states which follow the strict rule, has given way to a number of exceptions.''

The allegations herein, if proved by evidence, sets this case as an exception to the general rule recognized in Ohio.

Defendants Griffith and Malone, in Branch 1 of their motion, and defendant Marting in his oral motion to the Court on March 14, 1960, jointly moved the Court for its order "to strike the Petition from the files as a sham and frivolous pleading, not filed in good faith, but for the purpose of harassing and intimidating the defendants and damaging their reputations."

A court has inherent power to order stricken from its files any sham or frivolous pleading. A petition that is on its face insufficient as a matter of law represents a frivolous pleading.

*White* v. *Calhoun*, 83 Ohio St., 401; *State, ex rel.* v. *Weygandt, C. J.*, 170 Ohio St., 81 at p. 85; 43 Ohio Jurisprudence (2d), Pleadings; Sham, Section 274, p. 290.

The discretion vested in the court in passing upon such a motion as this should be exercised wisely and with discrimination, "and such a motion should be sustained only upon a showing upon the part of the plaintiff leaving no question whatever of the truth and conclusiveness of the plaintiff's evidence." (43 Ohio Jurisprudence [2d], supra.)

This Court deemed it unnecessary to hear evidence in respect to the motion to strike the petition, the oral argument of counsel in respect to this motion being sufficient for the Court.

The test applied by courts in evaluating a pleading is whether or not there is a conflict raised by the pleading necessitating the submission of the case to the jury, or to state this principle in another way, if the Court by giving liberal construction to *all the evidence admissible under the pleading would find it necessary to direct a verdict against the pleader, then the pleading is a sham and frivolous pleading.*

In the Common Pleas Court of Wayne County, Ohio, Judge Miller in *Carter* v. *Wooster* (1958), 79 Ohio Law Abs., 314, syl. 2, states:

"A motion to strike a pleading on the ground that it is a sham should be overruled if there is a rational doubt or a conflict upon a material point, but if the evidence is such that the courts would be required to direct a verdict against the pleader the motion should be sustained."

The Court has dealt with many facets of the plaintiff's peti-

tion to this point in its opinion, and repetition is unnecessary. Suffice it to say that the Board in its petition pleads its cause of action as follows:

1. That it is the duly elected and qualified Board of the School District.

2. That it offered bonds for sale on an open bid basis.

3. That bids were received, and J. A. White Company and others, were awarded the bonds on July 10, 1958.

4. That contemporaneously with the award of the bonds to the successful bidder, the defendants herein filed (July 10, 1958) an action in the Common Pleas Court, Fayette County, Ohio, to enjoin the sale and delivery of the bonds.

5. That the action so filed was wrongful, malicious, and without probable cause.

6. That the custom of municipal bonds buyers in Ohio require a Non-Litigation Certificate by the seller as a condition precedent to their accepting delivery and paying for the bonds.

7. That on August 20, 1958, the action filed by defendants on July 10, 1958, was stricken from the files as a sham and frivolous pleading (decision upheld by the Supreme Court of Ohio when it overruled motion to certify record).

8. That because of the suit filed by defendants on July 10, 1958, the Board was prevented since July 10, 1958, from selling the bonds and from carrying on the business of the Board in respect to the use contemplated by the sale of the bonds.

9. That damages were sustained in the amount as prayed for in their petition.

The issue arises whether this petition states a cause of action in malicious prosecution. The Court has previously in this opinion dealt with the subject of parties and the legal termination of the original judicial proceedings complained of in favor of the Board.

*Malice* and *want of probable cause* are the gist of the action for malicious prosecution. Both these elements must concur before a cause of action for malicious prosecution will arise.

*Probable cause* with respect to a civil action for malicious prosecution has been said to be such reason supported by facts and circumstances as will warrant a cautious man in the belief that his action, and the means taken in presenting such action

are legally just and proper. Probable cause does not mean sufficient cause.

The reasonable man test is applicable in determining probable cause, namely, would a reasonable man have believed and acted under the same circumstances existent at the time as did Marting and his counsel herein. If the answer is—yes—there would be probable cause; but if the answer be—no—there is a "want of probable cause." (35 Ohio Jurisprudence (2d), Malicious Prosecution—Probable Cause, Section 25.) The existence or non-existence of probable cause in this action would be for the jury to determine from the evidence and under proper instruction of law from the Court.

In an action for malicious prosecution *malice becomes material only if a want of probable cause appears.* Malice, in the legal sense, indicates a wrongful act, done intentionally and without just cause or excuse.

(*Weeks* v. *Streicker*, 74 Ohio App., 255; 58 N. E. (2d), 415 at 416.)

Malice has been held to mean the same as improper motive, and any unjustifiable motive constitutes legal malice. It has been defined as meaning bad faith, or bad motive; the presence of an improper motive; a wrongful motive which prompts a wrongful act. In its legal sense, it means a motive from which flows the act, injurious to another person, done intentionally and without lawful excuse. (54 C. J. S., 921, Malice.)

This Court is of the opinion that the special circumstances surrounding this case presents enough conflict as to whether or not the defendants acted in good faith in bringing the original action; whether there was probable cause or a lack of probable cause; whether or not malice existed, and it *becomes a question for jury determination from the evidence under proper* instruction of law from the Court.

The final element of *damage*, if proven to exist, is again for a jury determination from the evidence and under proper instruction from the Court.

This Court, therefore, finds that the petition raises sufficient conflict and doubt so as to submit the issues to a jury if evidence is introduced by the plaintiff to prove all of the elements pleaded in its cause of action for malicious prosecution,

and the *motion to strike the petition as a sham and frivolous pleading is overruled.*

The Court will not go into any detail regarding other issues raised by the branches of the motions before it, but will rule on them without comment, quoting citations where the Court feels the reason for its ruling is necessary.

The Court rules as follows on each branch of the motions made by defendants:

| Motions of Griffith & Malone | Motion of Sam B. Marting | Ruling |
| --- | --- | --- |
| Branch 1 | Oral | Overruled |
| 2 | 1 | Sustained |
| 3 | 2 | Overruled |
| 4 | 3 | Overruled |
| 5 | | Overruled |
| 6 | | Overruled |
| 7 | 4 | Sustained |
| | (43 Ohio Jurisprudence, [2d], Pleading, Section 20.) | |
| 8 | 5 | Overruled |
| 9 | 6 | Overruled |
| | 7 | Overruled |
| 10 | 8 | Overruled |
| | (35 Ohio Jurisprudence [2d], Malicious Prosecution, Section 37.) | |
| 11 | | Overruled |
| 12 | 9 | Overruled |
| | 10 | Overruled |
| 13 — Malicious | 11 | Overruled |
| 13 — Unjustly | 12 | Sustained |
| 14 | | Overruled |
| 15 | | Overruled |
| 16 | 13 | Overruled |
| 17 | 14 | Overruled |

| Motions of Griffith & Malone | Motion of Sam B. Marting | Ruling |
|---|---|---|
| | (*Palmer* v. *Humiston*, 87 Ohio St., 401, Syl. 3; 43 Ohio Jurisprudence [2d], Pleading, Section 363 at p. 389; 40 Ohio Jurisprudence—Usage & Custom, Pleading, pp. 806 and 807.) | |
| | 15 | Overruled |
| | 16 | Overruled |
| 18 | 17 | Overruled |
| 19 | 18 | Sustained |
| 20 | 19 | Overruled |
| | (16 Ohio Jurisprudence, [2d], General and Special Damages, Section 10, pp. 145 and 146; Special Damages, Section 160, pp. 293 and 294.) | |
| 21 | 20 | Overruled |
| | (16 Ohio Jurisprudence [2d], supra.) | |
| 22 | 21 | Overruled |
| 23 | 22 | Overruled |
| | (16 Ohio Jurisprudence, [2d], supra; 43 Ohio Jurisprudence [2d], Pleading, Signature and Verification, Section 42, p. 52.) | |
| 24 | 23 | *Sustained* as to words "were forced to"; overruled as to balance of motion. Section 304.10, Revised Code; *Knepper* v. *French*, 125 Ohio St., 613; 36 Ohio Jurisprudence, Schools; Counsel Fees, pp. 389 and 390. |
| Branch 25 | 24 | Overruled. |

The Court at this time wishes to thank all counsel for their well prepared briefs covering the many branches of the motions, and, secondly, for their patience in awaiting the Court's decision.

Please present entries in accordance. with the rulings above.