**228 A.2d 582.**

OLYMPE Y. RING *vs.* ERNEST A. RING.

APRIL 18, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This action for malicious prosecution was heard by a justice of the superior court on the defendant's demurrer to the declaration.   The demurrer was sustained,

and the plaintiff now is prosecuting her exception from that ruling to this court.

The record discloses that plaintiff, formerly the wife of defendant, had been granted a divorce from him, and the decree entered in that action ordered the payment of alimony to plaintiff so long as she remained unmarried. Thereafter defendant filed in the family court a petition to vacate the order for the payment of alimony, in substance alleging that plaintiff was openly cohabiting with another person as man and wife and that said person openly recognized and held her out to the community as his wife. This is to allege, in effect, as the trial justice noted, a common-law marriage on the part of plaintiff, which would operate as a forfeiture of her right to alimony under the terms of the order. The petition was heard in the family court, and decision entered in favor of plaintiff, defendant being denied the relief he therein sought.

In the rescript filed in the instant case, sustaining the demurrer, the court took the view that an action for malicious prosecution based on the institution of a prior *civil action* will not lie unless as a result thereof plaintiff "suffered special damage, by arrest, attachment, injunction or the appointment of a receiver, etc." Holding that the declaration did not allege special injury, the trial justice sustained the demurrer on the ground that public policy required such action. We agree with the conclusion of the trial justice.

There is, as the court below recognized, a contrary rule. The two views are stated in juxtaposition in *Board of Education of the Miami Trace Local School District* v. *Marting,* Ohio, 185 N.E.2d 583, 592, as follows: "Where there is no 'special injury' authorities are split as to whether a cause of action can be stated. The 'liberal' policy prescribes that an action of malicious prosecution will lie for the institution of a civil action, maliciously and without probable

cause, even though there has been no interference with the property of the defendant in the original suit and no special injury shown. In the 'strict' view, which is the view recognized as the Ohio view, an action for the malicious prosecution of a civil suit will not lie unless there has been an interference with the property of the defendant, or other special damage."

We subscribe to the latter view because it is our opinion that it meets the dictates of sound public policy that the right to initiate civil actions in the courts be not limited unreasonably by the threat of the institution of actions for malicious prosecution merely because the plaintiff fails to prevail in that action. In our opinion, to so hold would be a disservice to the promotion of the administration of justice in our courts. We cannot agree that the limiting of such suits — limiting, i.e., to those instances where, as a result of the institution thereof, there has been some interference with the defendant's property or where special injury is shown — would leave the public open to a flood of harassing litigation.

The Ohio rule, so called, is followed in such jurisdictions as Maryland, Pennsylvania, New Jersey, and Iowa. In *North Point Construction Co.* v. *Sagner*, 185 Md. 200, 207, 44 A.2d 441, 444, the court said that "Maryland has steadfastly adhered to the so-called 'English' rule that no action will lie for the malicious prosecution of a civil suit when there has been no arrest of the person, no seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action." See also: *Aalfs* v. *Aalfs*, 246 Iowa 158, 66 N.W.2d 121; *Mayflower Industries* v. *Thor Corp.*, 15 N. J. Super. 139, 83 A.2d 246; *King* v. *Bernstein*, 199 Pa. Super. 180, 184 A.2d 510. We concur, therefore, in the view of the trial justice that an action for malicious prosecution based on a prior civil suit may be maintained

only where it is established that the prior suit resulted in a special injury to the defendant in that suit.

The plaintiff contends also that the special injury contemplated by the strict rule is present in the instant case. Specifically, she argues that she was held up to public scorn and ridicule by the accusation of living with a common-law husband, and that she was forced to undertake elaborate and expensive defense and to undergo the emotional distress involved in the family court litigation. We cannot agree that this constitutes special injury within the contemplation of the rule.

In *North Point Construction Co.* v. *Sagner, supra,* the Maryland court expressly noted that "The mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution." We think there is much merit in this view. It was stated in *Doane* v. *Hescock,* 155 N.Y.S. 210, 211, decided in 1915, that "* * * the trouble, inconvenience, and expense of defending the action * * *" does not constitute the special injury necessary to maintain the action of malicious prosecution. An early affirmative statement of what would constitute special injury is contained in *Wetmore* v. *Mellinger,* 64 Iowa 741, 745, 18 N.W. 870, 871, decided in 1884. In that case the court said: "* * * if an action is so prosecuted as to entail unusual hardship upon the defendant, and subject him to special loss of property or of reputation, he ought to be compensated."

Perhaps a comprehensive statement of things which specifically would constitute special injury is contained in *Mayflower Industries* v. *Thor Corp., supra,* at page 152, wherein that court, quoting from 1 Cooley, Torts (4th ed.), chap. 6, §128, p. 426, said: " ' So a suit for malicious prosecution will lie where the plaintiff's property or business has been interfered with by the appointment of a receiver, the *granting of an injunction,* by writ of replevin, by the filing

of a *lis pendens*, or the preferment of charges against a police officer which results in his suspension from duty.' " While this was probably not intended to constitute a complete definition of special injury, it does state clearly the concept of such injury, which concept the courts generally have considered sufficient to warrant making actionable malicious prosecution of a prior civil action.

It is our opinion that in the instant case the trial justice properly concluded that the declaration contained no allegations of special injury within the meaning of the rule as we thus conceive it and properly sustained the demurrer to the declaration.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Charles A. Curran, Harold I. Kessler,* for plaintiff (appellant).

*Aram A. Arabian,* for defendant (appellee).