DAKTERS, APPELLANT, *v.* SHANE ET AL., APPELLEES.

(No. 2640—Decided April 5, 1978.)

*Haynes, Basinski & St. Marie Co., L.P.A.,* and *Mr. John S. Haynes,* for appellant.

*Mr. Gene F. Manning,* for appellees Robert Hime and Valerie Jean Hime.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley* and *Mr. Thomas P. Curran,* for appellee Michael Shane.

VICTOR, J. This is an appeal from a judgment of the Court of Common Pleas of Lorain County awarding defendants a summary judgment.

On February 26, 1973, defendant-appellee Valerie Jean Hime was admitted to Elyria Memorial Hospital for medical treatment. On March 5, 1973, a Dr. Patel performed surgery upon Valerie. During surgery she allegedly sustained certain injuries. On the date of her operation, March 5, 1973, plaintiff-appellant, Dr. J. George Dakters, was not present in the operating room when the surgery was performed nor was Valerie his patient on that date. On March 8, 1973, Dr. Dakters, who is a licensed M.D. specializing in neurosurgery, was called by Dr. Patel to examine Valerie on a consultant basis. On March 9, 1973, Dr. Dakters reported his findings to Dr. Patel and thereafter had no further occasion to treat Valerie.

On February 19, 1974, Valerie Jean Hime and defendant-appellee Robert Hime commenced an action against Dr.

Dakters in the Court of Common Pleas of Lorain County. Defendant-appellee Michael Shane filed the action as attorney for the Himes. The complaint alleged that Valerie Jean Hime underwent surgery on March 5, 1973, and that due to the negligence of Dr. Dakters and others Valerie received bodily injury while on the operating table. The prayer for relief asked for $800,000. On August 29, 1974, Dr. Dakters was dismissed as a defendant in that case. Thereafter, on January 30, 1975, Dr. Dakters filed this action (an amended complaint was later filed) against Shane and the Himes wherein he alleged that the defendants were guilty of maliciously prosecuting him when on February 19, 1974, they filed the malpractice action naming him as a defendant.

A second claim for relief against Shane only, alleged that Shane was guilty of professional malpractice in failing to properly examine the hospital records to determine the nature and extent of the professional services rendered by Dr. Dakters to Valerie Jean Hime. The prayer for relief asked for $1,000,000 against all defendants. Answers were filed by all defendants joining the issues. Thereafter, over objection of Dr. Dakters, the trial court granted the defendants leave to file motions for summary judgment. These motions were heard upon Shane's affidavit, copies of documents contained in Shane's file and the deposition of Dr. Dakters taken as on cross-examination. The trial court granted the motions and this appeal ensued. Dr. Dakters contends the trial court erred in granting the motions. He presents the following single question on appeal:

"*** Can an attorney and his client be liable for the malicious institution of civil proceedings when they bring suit on the theory of negligence and medical malpractice against a doctor who had nothing to do with the operation and which fact was readily discovered upon proper investigation? ***"

We shall assume, *arguendo,* that the action filed by the Himes and attorney Shane against Dr. Dakters was instituted maliciously.

Since 1900, it has been the established law of Ohio which is dispositive of this case that:

"As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property." *Cincinnati Daily Tribune Co.*

v. *Bruck* (1900), 61 Ohio St. 489 (paragraph one of the syllabus).

Here there was neither an arrest of Dr. Dakters nor a seizure of his property. This rule has been cited with approval in *Perry* v. *Arsham* (1956), 101 Ohio App. 285; *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451; and *Avco Delta Corp.* v. *Walker* (1969), 22 Ohio App. 2d 61. In *Perry* v. *Arsham, supra,* at page 287, Judge Doyle of this court stated:

"This Ohio rule is spoken of as the 'strict view,' and the arguments in its favor are generally stated as follows:

"(1) 'Costs' are given as adequate redress; (2) courts should be free and open to all without fear of being sued in return; (3) freely permitting malicious prosecution actions would make litigation interminable; (4) defendant should have no right to a malicious prosecution action, since plaintiff has no action if a defense is malicious and groundless."

We recognize that the rule is not the majority rule (see 52 American Jurisprudence 2d 192, Malicious Prosecution, Section 10) and that it has been severely criticized. See Prosser on Torts (4 Ed.) 850, Section 120. Yet it is still the law of Ohio until such time as the Supreme Court overrules it. Thus, we follow it and affirm the judgment.

*Judgment affirmed.*

BELL, P. J., and MAHONEY, J., concur.

MAHONEY, J., concurring. I concur in this judgment and the unfortunate binding application of *stare decisis.*