401 A.2d 430.

NORMAN J. JACQUES *vs.* JOHN J. MCLAUGHLIN.

MAY 4, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.    This is an action for malicious prosecution. This court has adopted the "English rule" that an action for malicious prosecution requires, in the absence of a person's arrest or seizure of his or her property, a showing of "special injury" beyond the trouble, cost, and other consequences normally associated with defending oneself against an unfounded legal charge. *Ring* v. *Ring*, 102 R.I. 112, 114-15, 228 A.2d 582, 584 (1967). The plaintiff is before us on his appeal from the grant of a summary judgment entered in the Superior Court, which judgment was based upon the plaintiff's failure to establish the requisite special injury.

When the appeal was docketed in this court, defendant filed a 16(g) motion, asking that the appeal be summarily dismissed because of the rule in *Ring*. We assigned the motion for oral argument, and on April 5, 1979, plaintiff appeared and asked that we abandon the requirement of special injury and adopt the principles set forth in Restate-

ment (Second) *Torts* §§674, 681(b) (1977). The Restatement does not require a showing of special injury. Consequently, the Restatement views counsel fees as an appropriate element of damages.

An adequate response to plaintiff's plea for reconsideration of the *Ring* rule can be found in *O'Toole* v. *Franklin,* 279 Or. 513, 569 P.2d 561 (1977). There, the court, in considering a request similar to that presently before us, reiterated its willingness "to reconsider an old common law rule that may have been overtaken by important changes in the conditions that originally gave it birth, or in related areas of law, or by complications and inconsistencies that call for clarification." However, the court went on to remark: "But readiness to take account of extrinsic changes or intrinsic flaws in common law premises is not equivalent to legislating from year to year." The court suggested that the appropriate forum to air O'Toole's desire for the adoption of the Restatement view was the Legislature. *Id.* at 520-21, 569 P.2d at 565.

In *Ring* this court, opting for the English rule, thought that the guaranteeing of access to the courts outweighed one's desire to be protected from the inconvenience and expense of defending an action. 102 R.I. at 115, 228 A.2d at 584.

We believe that what was said to O'Toole is an equally appropriate response to the position now espoused by the plaintiff.

Accordingly, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court.

*Martin Malinou,* for plaintiff.

*Girard R. Visconti,* for plaintiff.