BATTIG, APPELLANT, *v.*
FORSHEY, APPELLEE.

(No. 81 X 1—Decided March 19, 1982.)

*Mr. Allan Sherry,* for appellant.
*Mr. James Kelleher,* for appellee.

STEPHENSON, J. This is an appeal from a judgment of the Washington County Court of Common Pleas entered upon a directed verdict for the defendant, granted at the end of the plaintiff's case in an action instituted by Melvin J. Battig, appellant herein, seeking to recover damages from Christopher E. Forshey, defendant below and appellee herein, for an alleged invasion of privacy. Appellant assigns the following error:

"Where a person maliciously, falsely and for no purpose whatsoever except to cause public embarrassment to another, institutes a lawsuit, the issues raised in said complaint are not relevant to any issue then before the court and as such loses the general privilege."

This action had its origin in a purported illicit relationship which existed between appellee and Sandra Battig, while she was the wife of appellant. Appellee was a police officer employed by the city of Marietta, Ohio. On December 10, 1979, appellee filed a slander action against appellant in the Washington County Court of Common Pleas. The complaint averred, in substance, that appellant had maliciously and falsely defamed appellee by the making of oral statements to the Marietta Chief of Police and other officers to the effect "that the Plaintiff was engaging in sexual conduct with a female other than his spouse, and that Plaintiff was committing immoral acts while in an 'on-duty' status with the Marietta Police Department." Prior to answer, appellee dismissed the suit.

On January 29, 1980, appellant filed the within action in the court below aver-

ring, *inter alia,* that appellee and appellant's former wife, engaged in an improper relationship, "that Defendant willfully, maliciously, and intentionally with purpose to invade Plaintiff's privacy instituted a lawsuit resulting in publicity to this Plaintiff all of which Defendant knew was false and improper," and then dismissed the suit. Appellee answered and filed a counterclaim essentially reasserting the averments of his complaint.

At trial, the court directed a verdict in appellee's favor basically upon the ground that appellant could not recover for the tort of invasion of privacy which requires proof of a disclosure of private facts about the plaintiff or his affairs when such disclosure is based upon averments in a pleading since such averments are privileged by law. The counterclaim was dismissed upon appellee's motion.

We consider initially a motion appellee has included in his brief to dismiss the appeal for the reason the notice of appeal does not correctly state the date of the judgment appealed from and, also, for the reason the form of the brief does not conform to Appellate Rules' requirements.

The record reflects that the trial court directed a verdict for appellee on December 10, 1980. However, the trial judge's decision was not journalized until December 22, 1980. Appellant's notice of appeal, filed January 8, 1981, states he is appealing from the trial court's December 10th judgment, which was not the date of entry of judgment.

App. R. 3(C) provides as follows:

"The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal."

Although appellee is correct in that appellant has failed to comply with App. R. 3 (C) in that the date of the judgment from which the appeal is taken is erroneous, we can find no prejudice to appellee by appellant's failure to correctly state the date of judgment appealed from inasmuch as appellee was not misled and was fully aware of the correct date of entry of judgment from which the appeal was taken. See *State* v. *Trimmer* (1947), 80 Ohio App. 545 [36 O.O. 317]; *Caswell* v. *Lermann* (1948), 85 Ohio App. 200 [40 O.O. 148].

Further, while we do not approve the form in which appellant has prepared his brief, since it is not in full conformity with the Appellate Rules, we elect to review on the merits and overrule the motion to dismiss.

Appellant urges a reversal of the judgment below essentially upon dual grounds. First, it is argued that the complaint in the prior court proceedings instituted by appellee is not a privileged publication in that the matters alleged therein were not relevant or pertinent because they were untrue. That precise issue was considered and rejected in *Erie County Farmers' Ins. Co.* v. *Crecelius* (1930), 122 Ohio St. 210. The court therein adopted a rule that no action will lie for any defamatory statement made by a party to a court proceeding or in a pleading filed in such proceeding where the defamatory statement is material and relevant to the issues. The opinion reflects the court was adopting the absolute privilege rule and that the falsity of the statement does "not affect the absolute character of the rule of privilege." *Id.* at 216.

It can hardly be controverted that the averments in the complaint, even if untrue, are relevant and material in an action for slander. Accordingly, the averments were privileged. Communications of even a private matter do not violate one's right of privacy where the publication would be privileged communication under the law governing libel

and slander. See cases cited at 62 American Jurisprudence 2d 698, Privacy, Section 14, fn. 13; Annotation, 168 A.L.R. 456, Section VIII. Cf. *Johnson* v. *Scripps Publishing Co.* (C.P. 1940), 32 Ohio Law Abs. 423 [18 O.O. 372].

Alternatively, appellant appears to be arguing, without express articulation as such, that he should have been allowed to proceed upon a legal theory of malicious prosecution. The first barrier to that argument is that an entry of April 17, 1980 recites counsel for appellant advised the court "that the theory of the Complaint is invasion of privacy rather than malicious prosecution."

Even if appellant had initially proceeded upon a theory of malicious prosecution, the result would have been the same. Appellant principally relies upon a law review article contained in 45 U. Cin. L. Rev. 604 and the cases cited therein. The author of the article, in effect, criticizes present Ohio law with regard to malicious prosecution in that there can be no recovery for malicious prosecution of a civil action unless there has been an arrest of the person or seizure of his property. See *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489.

It is a fundamental rule that " 'Decisions of a court of last resort are to be regarded as law and should be followed by inferior courts, whatever the view of the latter may be as to their correctness, until they have been reversed or overruled. * * *' " *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 148 [60 O.O.2d 100] (concurring opinion, per Corrigan, J).

In *Dakters* v. *Shane* (1978), 64 Ohio App. 2d 196 [18 O.O.3d 150], the Lorain County Court of Appeals had an opportunity to consider the issue presented by appellant's alternative argument. In *Dakters, supra,* at pages 197-198, the court stated:

"Since 1900, it has been the established law of Ohio which is dispositive of this case that:

" 'As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property.' *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489 (paragraph one of the syllabus).

"Here there was neither an arrest of Dr. Dakters nor a seizure of his property. This rule has been cited with approval in *Perry* v. *Arsham* (1956), 101 Ohio App. 285 [1 O.O.2d 266]; *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451 [25 O.O.2d 161]; and *Avco Delta Corp.* v. *Walker* (1969), 22 Ohio App. 2d 61 [51 O.O.2d 122]. In *Perry* v. *Arsham, supra,* at page 287, Judge Doyle of this court stated:

" 'This Ohio rule is spoken of as the "strict view," and the arguments in its favor are generally as follows:

" '(1) "Costs" are given as adequate redress; (2) courts should be free and open to all without fear of being sued in return; (3) freely permitting malicious prosecution actions would make litigation interminable; (4) defendant should have no right to a malicious prosecution action, since plaintiff has no action if a defense is malicious and groundless.'

"We recognize that the rule is not the majority rule (see 52 American Jurisprudence 2d 192, Malicious Prosecution, Section 10) and that it has been severely criticized. See Prosser on Torts (4 Ed.) 850, Section 120. Yet it is still the law of Ohio until such time as the Supreme Court overrules it. Thus, we follow it and affirm the judgment."

In the present matter, appellant's complaint and the evidence produced at trial fail to even suggest that appellant was arrested or his property seized, thus barring any recovery by reason of malicious prosecution.

By the last paragraph of his brief, counsel for appellant tacitly concedes he cannot recover in light of the present state of law. "It is conceded by counsel for this Appellant that this counsel is seeking a new tort, that of unreasonable or im-

proper litigation." Suffice it to say that this court is without authority to overrule controlling Ohio Supreme Court precedent to create the "new tort" appellant is seeking.

The assignment of error is overruled and the judgment affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

GREY, P.J., concurs in judgment only.