CITY OF CLEVELAND, Appellee,

v.

BOSAK et al., Appellants.

[Cite as *Cleveland v. Bosak* (1995), 104 Ohio App.3d 520.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67329.

Decided June 12, 1995.

522

*David D. Roberts,* Assistant Director of Law, for appellee.

*James L. Hamilton,* for appellants.

PATRICIA ANN BLACKMON, Judge.

Loddie and Marilyn Bosak, defendants-appellants, appeal a trial court's decision granting a request by the city of Cleveland, plaintiff-appellee, for injunctive relief. They argue that the trial court erred in finding that the noise and air pollution created by the idling of their illegally parked diesel trucks constituted a public nuisance. The following four assigned errors are presented for our review:

"I. The trial court erred in granting injunctive relief, as there existed adequate remedies at law.

"II. The trial court (housing division) was without jurisdiction or venue to issue an injunction pertaining to the parking, stopping, loading and unloading of defendants-appellants' vehicles upon the city streets.

"III. The trial court erred in not finding plaintiff-appellee's complaint violative of the United States Constitution as being selectively and intentionally discriminatory against defendants-appellants and denial of equal protection.

"IV. The permanent injunction issued equates to an unconstitutional taking of property without adequate compensation."

After reviewing the record and the arguments of the parties, we affirm the trial court's decision. The apposite facts follow.

Loddie and Marilyn Bosak own and operate Bosak Dairy. Bosak Dairy is a retail and wholesale distributor of dairy products. Bosak Dairy uses a parking lot across the street from its Fulton Road main office for employees, patrons, and Bosak Dairy trucks. After receiving numerous complaints from nearby residents about the noise and fumes generated by the idling of Bosak Dairy's diesel trucks in the parking lot, the city of Cleveland cited Bosak Dairy for violating Cleveland

Codified Ordinance 349.02, dealing with off-street parking. Although Bosak Dairy was found guilty of the violation, the decision was reversed on appeal. *Cleveland v. Bosak Dairy* (Aug. 4, 1994), Cuyahoga App. No. 65951, unreported, 1994 WL 408076.

On December 16, 1993, the city of Cleveland brought a nuisance action against Loddie and Marilyn Bosak alleging violations of Cleveland zoning and air pollution ordinances and creation of a public nuisance. The complaint sought to enjoin Bosak Dairy from parking commercial trucks in the parking lot and parking commercial trucks on city streets longer than necessary to load or unload merchandise. The city also sought to force Bosak Dairy to provide a plan for remote storage of its refrigeration trucks. On April 25, 1994, the trial court issued a permanent injunction against Bosak Dairy. This appeal followed.

■ This appeal raises the issue of the propriety of the permanent injunction granted against Loddie and Marilyn and Bosak Dairy. The trial court enjoined Bosak Dairy from parking or storing its commercial vehicles on the Fulton Road parking lot or in a nearby alley. In their first assignment of error, the Bosaks argue there were adequate legal remedies available to the city, including the issuance of traffic citations, parking tickets, and noise or air pollution citations.

However, the Cleveland Codified Ordinances specifically authorize the issuance of an injunction even when legal penalties are available.

Cleveland Codified Ordinance 327.03 (zoning code—enforcement and penalty) provides:

"The imposition of any penalty shall not preclude the Director of Law from instituting an appropriate action or proceeding in a court of proper jurisdiction to prevent an unlawful erection, construction, reconstruction, relocation, alteration, repair, conversion, maintenance or use, or to restrain, correct or abate a violation, or to prevent the occupancy of a building, structure or premises, or to prevent an illegal act, conduct, business or use, in or about any premises, or to require compliance with the provisions of this Zoning Code * * *."

Cleveland Codified Ordinance 203.05 (health code—nuisance abatement) includes a similar provision:

"In the event of any actual or threatened violation of this chapter or an emergency situation, the Director of Law, in addition to other remedies provided by law, may institute proper suit in equity or at law to prevent or terminate such violation or remedy such situation."

According to the language of the above listed ordinances, the existence of other legal remedies does not prohibit the city of Cleveland from seeking injunctive relief. Bosak Dairy's first assignment of error is without merit.

■ The Bosaks next argue that the Housing Division of the Cleveland Municipal Court did not have jurisdiction or venue over this case. We disagree. R.C. 1901.181 provides that the housing division of a municipal court has exclusive jurisdiction within its territory in any civil action "to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation * * *."

The Bosaks argue the Fulton Road parking lot is not within the jurisdiction of the housing court because it is not a place intended for human habitation. However, R.C. 1901.181 provides that the jurisdiction of the housing division extends to any other real property subject to building, housing, air pollution, sanitation, health, fire, zoning or safety codes or ordinances. The parking lot and surrounding streets are subject to these codes and ordinances. Therefore, the allegations of the city of Cleveland's complaint fell within the housing division's jurisdiction as outlined in R.C. 1901.181. Thus, the Bosaks' second assignment of error is without merit.

■ In their third assignment of error, the Bosaks argue that the city's complaint was discriminatory and a denial of equal protection. They claim that Bosak Dairy was unfairly targeted for scrutiny because of political differences between one of its owners and a local councilperson. In order to violate the Equal Protection Clause, the city's action would have to reflect " ' "unjust and illegal discriminations between persons in similar circumstances." ' " *Elsaesser v. Hamilton Bd. of Zoning Appeals* (1990), 61 Ohio App.3d 641, 648, 573 N.E.2d 733, 737. The Bosaks claim other nearby businesses have not been subjected to scrutiny by the city even though their delivery trucks are parked on the premises. However, the Bosaks have not presented sufficient facts to demonstrate that the other businesses are "similarly situated." There is no evidence that any of the other businesses use commercial trailers and diesel engine vehicles or that the trucks are left idling for extended periods of time while being unloaded. In the absence of sufficient evidence that the other nearby businesses are similarly situated, we find no denial of equal protection.

■ In addition, there is insufficient evidence that the city's action constitutes selective and discriminatory prosecution. In order to support a defense of selective or discriminatory prosecution, the Bosaks must show that they have been singled out for prosecution while other *similarly situated* businesses have not been prosecuted for the same type of conduct. See *State v. Flynt* (1980), 63 Ohio St.2d 132, 134, 17 O.O.3d 81, 82, 407 N.E.2d 15, 17. "The burden of showing discriminatory enforcement is a heavy one and is not satisfied by a mere showing that others similarly situated have not been prosecuted. * * *" See, also, *State*

*v. Freeman* (1985), 20 Ohio St.3d 55, 58, 20 OBR 355, 357, 485 N.E.2d 1043, 1045–1046. They must also show that the city's prosecution was invidious or in bad faith. *Flynt,* 63 Ohio St.2d at 134, 17 O.O.3d at 82, 407 N.E.2d at 17.

As discussed above, the Bosaks have failed to show that any other nearby business violated zoning ordinances without being prosecuted. Accordingly, we reject their claims of selective prosecution and denial of equal protection and overrule their third assignment of error.

■ Finally, the Bosaks argue that the injunction constitutes an unconstitutional taking of property without adequate compensation. The Bosaks argue that they may be forced to relocate Bosak Dairy due to the injunction's restrictions, and the injunction will deny the Bosaks' rights to utilize the Fulton Road parking lot as they wish.

The injunction issued by the trial court does not, in and of itself, constitute a "taking" of Loddie and Marilyn Bosak's property. The injunction in no way prohibits Bosak Dairy from using the parking lot, but seeks only to enforce applicable zoning laws and regulations. While such restrictions may impose some hardship upon Bosak Dairy, there is no evidence that the restrictions will make it impossible for Bosak Dairy to continue conducting its business. The injunction specifically leaves open the possibility that the Bosaks might be able to obtain a zoning variance or permit for parking at the Fulton Road lot.

■ Even if the injunction is construed as a "taking," we find that Loddie and Marilyn Bosak's Fourteenth Amendment rights have not been violated. The Supreme Court of Ohio has held when a party is deprived of a purely economic property interest, the Fourteenth Amendment is not violated, as long as the party is given a meaningful opportunity to be heard. *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 36, 550 N.E.2d 456, 460. In this case, the injunction was issued after a hearing at which Loddie and Marilyn Bosak appeared and presented evidence. Bosak Dairy makes no claim that its procedural due process rights were violated. Finding no violation of constitutional law, we overrule the Bosaks' fourth assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and DYKE, J., concur.