[Cite as *Lakewood v. Calanni*, 2011-Ohio-3465.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95610**

---

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## CHARLES CALANNI

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2010-CRB-00684

**BEFORE:**  Celebrezze, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    July 14, 2011

**ATTORNEYS FOR APPELLANT**

Timothy G. Sweeney
13363 Madison Avenue
Lakewood, Ohio   44107

Amy E. Stack
Kurt & Vermilya Law, Inc.
30432 Euclid Avenue
Suite 101
Wickliffe, Ohio   44092


**ATTORNEYS FOR APPELLEE**

Richard A. Neff
Chief Prosecutor
BY:   Pamela L. Roessner
Assistant Prosecutor
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio   44107


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Appellant, Charles Calanni, appeals from his conviction in the Lakewood Municipal Court for failure to comply with a notice of violation pursuant to Lakewood Municipal Ordinances ("L.M.O.") 1306.99, which was based on an earlier violation of L.M.O. 1161.03(j)(3).  Appellant claims the trial court improperly denied him the opportunity to present evidence alleging disparate enforcement of the ordinance and that the city of Lakewood

("Lakewood") failed to adduce sufficient evidence of all elements of the charged crime. After a thorough review of the record and law, we affirm appellant's conviction.

{¶ 2} On April 15, 2010, Lakewood Commercial Building Inspector Kevin Kelley was investigating reports of graffiti on Madison Avenue in Lakewood, Ohio. After investigating the graffiti complaints, Inspector Kelley drove down Madison Avenue looking for apparent code violations. At appellant's auto repair business on Madison Avenue, Inspector Kelley observed a full parking lot, with vehicles spilling out onto the public sidewalk, and two individuals doing repair work on a van parked on the public sidewalk. The two individuals had placed a sawhorse, or construction horse, supporting a windshield on the sidewalk next to the van further impeding pedestrian traffic. Inspector Kelley photographed the two individuals repairing the windshield of the vehicle in front of the business and reported the activity to his supervisor.

{¶ 3} Lakewood's records indicate that appellant had been issued a prior notice of violation of L.M.O. 1161.03(j)(3)[1] on May 7, 1998 for doing repair work on vehicles other than inside the structure located on the

---

[1] This ordinance states: "In a C2 Retail District or C3 General Business District, a motor vehicle repair/body shop may be permitted as a conditionally permitted use provided that * * * (3) [a]ll activities, including cleaning, washing, and drying operations shall take place inside the principal structure[.]"

property. Lakewood issued a citation for failing to comply with this earlier notice.

**{¶ 4}** Trial was held on July 23, 2010, and Lakewood presented the testimony of Kelley to establish the violation of the prior notice and that the business was open and operating at the time of the incident because the garage door was open and it was during the normal operating hours of the business. Appellant attempted to introduce photographs of other activities in the area by other business owners to show that he had been selectively cited for violations of L.M.O. 1161.03(j)(3) when others had not. However, the trial court ruled that such a constitutional claim must be raised in a motion prior to trial, and the trial court did not allow appellant to question Inspector Kelley regarding the photos.

**{¶ 5}** At the close of Lakewood's case, appellant moved for dismissal arguing that Lakewood had not shown that his business was located in a C2 retail or C3 general business zoned district, a requirement for citation under L.M.O. 1161.03(j). This motion was overruled based on Lakewood's argument that appellant was cited for violating L.M.O. 1306.99, failure to comply with a prior notice, and not L.M.O. 1161.03(j).

**{¶ 6}** Appellant also testified and denied knowing the individuals in the photographs Kelley had taken or being present at the time the photos were taken. Appellant claimed the individuals did not work for him and that they

were on his property doing repairs to a van without his knowledge or permission.

{¶ 7} The trial court found appellant guilty and imposed a fine of $500, one year of probation, and an additional $500 fine to be held in abeyance should future violations occur. Appellant then moved for a stay of execution of sentence and filed the instant appeal.

## Law and Analysis

### Failure to Raise Selective Prosecution Prior to Trial

{¶ 8} Appellant first argues that "[t]he trial court erred in barring [him] from introducing evidence of equal protection violations."

{¶ 9} It is well established that pursuant to Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. *State v. Heinish* (1990), 50 Ohio St.3d 231, 553 N.E.2d 1026; *State v. Sibert* (1994), 98 Ohio App.3d 412, 648 N.E.2d 861. Pursuant to Crim.R. 12(C), certain defenses must be raised prior to trial or they are considered waived. This rule states, "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."

{¶ 10} Crim.R. 12(H) makes clear that "[f]ailure by the defendant to raise defenses or objections * * * shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the

waiver." See, also, *Cleveland v. GSX Chem. Svcs. of Ohio, Inc.* (May 7, 1992), Cuyahoga App. No. 60512.

{¶ 11} Citing *Cleveland v. Peppers* (July 17, 1986), Cuyahoga App. Nos. 50538, 50539, and 50540, the trial court ruled that appellant must present his selective prosecution challenge in a pretrial motion and because he did not, it was waived. While that case does not stand for that proposition,[2] *Pepper Pike v. Dantzig*, Cuyahoga App. No. 85287, 2005-Ohio-3486, does. In *Dantzig*, this court held that "[a] defense of selective prosecution must be raised in a pretrial motion." Id. at ¶15, citing *GSX Chem.*, supra, citing *United States v. Jarret* (C.A.7, 1983), 705 F.2d 198. Therefore, the trial court was correct in so holding.

{¶ 12} Because appellant failed to raise the issue of selective prosecution in a timely pretrial motion, the trial court could limit the introduction of evidence on this issue at its discretion.[3]

{¶ 13} Further, the evidence appellant wished to introduce would not have carried the substantial burden of showing unequal protection. "'To support a claim of selective prosecution, "a defendant bears the heavy burden

---

[2] This case involves a motion made prior to trial, but does not address the situation here or state that a motion *must* be made prior to trial.

[3] We note that the trial court did not completely exclude arguments regarding appellant's constitutional claims, but only excluded the introduction of photographs appellant caused to be taken of similar instances of conduct for which he was being prosecuted.

of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *State v. Flynt* (1980), 63 Ohio St.2d 132, 134, 407 N.E.2d 15, quoting *United States v. Berrios* (C.A.2, 1974), 501 F.2d 1207, 1211.'" *Dantzig* at ¶18, quoting *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶44.

{¶ 14} Appellant was attempting to introduce photographs taken on his behalf as evidence showing similar acts by others for which he was being prosecuted. This no more demonstrates unequal application of the law than photos of other motorists speeding in a case involving a speeding citation. This would not help appellant show "intentional and purposeful discrimination." *State v. Freeman* (1985), 20 Ohio St.3d 55, 58, 485 N.E.2d 1043. This is so because the "'burden of showing discriminatory enforcement * * * is not satisfied by a mere showing that others similarly situated have not been prosecuted.'" *Cleveland v. Whitner*, 119 Ohio Misc.2d 100, 2002-Ohio-4220, 774 N.E.2d 788, ¶18, quoting *Elsaesser v. Hamilton Bd. of Zoning Appeals* (1990), 61 Ohio App.3d 641, 648-649, 573 N.E.2d 733.

Without evidence that Lakewood building inspectors ignored or refused to issue notices of violation for similar conduct, appellant could not meet his substantial burden of demonstrating unequal application of the law in question.[4] The trial court allowed appellant to explore issues of vagueness and inquire into Inspector Kelley's familiarity with citations issued for violations of L.M.O. 1161.03. The only evidence appellant was not allowed to introduce was the photographs, which would not be sufficient to support appellant's challenge.

{¶ 15} Accordingly, appellant's first assignment of error is overruled.

---

[4] Appellant did attempt to subpoena Inspector Kelley, requiring him to bring records of all similar citations issued by Lakewood while Kelley has been employed by Lakewood, but appellant did not file the subpoena duces tecum until 5:00 p.m. the day before trial.

**Motion for Acquittal**

{¶ 16} Appellant next argues that "[t]he trial court erred in failing to grant [his] Criminal Rule 29 motion for acquittal."

{¶ 17} Under Crim.R. 29, a trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.

{¶ 18} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See *State v. Bell* (May 26, 1994), Cuyahoga App. No. 65356. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence in support of a conviction:

{¶ 19} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of

the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley* [(1978), 56 Ohio St.2d 169, 383 N.E.2d 132]." See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 20} Appellant argues that Lakewood failed to introduce evidence that L.M.O. 1161.03(j)(3) applied to him. However, he was prosecuted for a violation of L.M.O. 1306.99, which does not require evidence of the particular zoning of appellant's business. This ordinance states, "[w]hoever * * * refuses, neglects, or fails to comply with a notice requiring the abatement or removal of a violation or requiring compliance with any provisions of this Code or other applicable Codes or any rule or regulation hereunder within the time limit set forth in such notice, or maintains a use or occupancy prohibited by this Code * * * shall be guilty of a misdemeanor * * *." Appellant did not challenge the notice of violation issued in 1998 or various other citations he received for the same offense. A challenge to the notice of violation is the proper forum to require Lakewood to demonstrate that L.M.O. 1161.03(j)(3) applies to appellant.

{¶ 21} Lakewood presented sufficient evidence, including the prior notice of violation letter, a history of interactions between Lakewood and appellant for similar violations including explanation of work that was and

was not allowed to be performed outside of a structure, and photographs showing that work was being done on appellant's property while the business was open and operating in violation of the prior notice. This constitutes sufficient evidence of a violation of L.M.O. 1306.99.

{¶ 22} Accordingly, appellant's second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR